

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2008

# USA v. Harrison

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1970

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Harrison" (2008). *2008 Decisions.* Paper 485.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/485

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1970

UNITED STATES OF AMERICA

v.

WILLIAM HARRISON
a/k/a
SLOAN ANDERSON

William Harrison,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 03-cr-00430)
District Judge: Honorable Eduardo C. Robreno

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2008

Before: BARRY, AMBRO, and JORDAN, Circuit Judges

(Opinion filed September 26, 2008)

OPINION

AMBRO, Circuit Judge

William Harrison, also known as Sloan Anderson, appeals his conviction and

sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His attorney has moved to withdraw his representation under *Anders v. California*, 386 U.S. 738 (1967). We grant the motion and affirm the conviction and sentence.[1]

A police officer testified that at around 5:00 a.m. on September 24, 2002, he saw Harrison (who was carrying an orange bag) fire a gun. He chased Harrison and, after temporarily losing sight of him, caught him and arrested him. A witness residing in the area testified that at approximately 5:00 a.m. that day, gunshots woke her up. As she looked out of her window, she saw someone running, orange bag in hand, and the runner tossed an object into a vacant lot. The police later found a gun in the lot.

Because Harrison was a felon, he was charged, tried and convicted for being a felon in possession of a firearm. The District Court sentenced him to 188 months' imprisonment. Harrison and his counsel have identified several potential grounds for appeal: the District Court erred in ordering Harrison to submit to a competency examination, should not have denied Harrison's request that he be permitted to represent himself, incorrectly admitted the witness's 911 call, erred in denying Harrison's motions for a new trial and for acquittal, and erroneously overruled Harrison's objections at sentencing. Harrison further argues that his counsel was ineffective.

Our rules provide that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. LAR 109.2(a). "If the panel agrees that the appeal is without merit, it will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.*

We are satisfied that counsel has filed an adequate *Anders* brief. Further, we agree that any grounds for appeal are frivolous. Given the rambling and confused statements Harrison made to the District Court, the Court properly ordered a competency hearing. *See* 18 U.S.C. § 4241(a). Further, because Harrison refused to answer questions relevant to whether he truly desired to represent himself, understood the case, and was competent to stand trial, the Court properly declined to allow Harrison to represent himself. *See United States v. Peppers*, 302 F.3d 120, 131–32 (3d Cir. 2002). Moreover, the Court properly admitted the 911 call under Federal Rule of Evidence 803(1) and (2). In addition, it properly denied the motions for a new trial and for acquittal because the evidence was sufficient to permit a finding of guilt beyond a reasonable doubt, *see United States v. Brodie*, 403 F.3d 123, 134 (3d Cir. 2005), because there was no "newly discovered" evidence and the facts do not suggest diligence on Harrison's part, *see United States v. Jasin*, 280 F.3d 355, 361 (3d Cir. 2002), and because we know no reason to conclude (as Harrison alleges) that the prosecutor intentionally introduced false evidence. As for sentencing, the District Court properly followed the procedures announced in our Court's decision in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), and the ultimate sentence is not unreasonable. Finally, we decline to consider Harrison's ineffective-assistance-of-counsel claim, which is inappropriate on this direct appeal. *See*

3

*United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998).

For the foregoing reasons, we affirm the judgment of the District Court and grant counsel's motion to withdraw.